FILED
FEB 21 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAZARO MAINEZ,<br><br>　　　　　　Petitioner,<br>v.<br>WILLIAM GORE,<br>　　　　　　Respondent. | Case No.: 17cv397-JLS(KSC)<br><br>**REPORT AND RECOMMENDATION RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 13] |

Before the Court are respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. No. 13] and petitioner's Response thereto [Doc. No. 16]. Petitioner also filed a supplementary response to respondent's Motion to Dismiss. [Doc. No. 21.] In the Motion to Dismiss, respondent argues that the District Court should dismiss the Petition as time-barred. [Doc. No. 13-1, at pp. 12-15.] Alternatively, respondent argues that the Petition should be dismissed, because it includes claims that are procedurally barred and/or unexhausted. [Doc. No. 13-1, at pp. 15-20.] In his Response, petitioner contends that the District Court should deny respondent's Motion to Dismiss and consider his Petition on the merits, because his Petition was timely filed. [Doc. No. 16, at pp. 3-6.] Petitioner also argues that his claims are not procedurally barred and that the

1

Court should allow him leave to amend his Petition to delete any unexhausted claims. [Doc. No. 16, at pp. 6-11.] For the reasons outlined below, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss.

### ***Background***

In his Federal Petition, petitioner challenges his conviction by way of guilty pleas in San Diego Superior Court Case Nos. SCD 228286; SCD 240472; SCE 298454; and SCE 316127. [Doc. No. 1, at p. 1.]

The record indicates that petitioner pled guilty in Case No. SCD 228286 to possession for sale of a designated controlled substance. [Doc. No. 14-14, at p. 133.] In Case No. SCE 298454, petitioner pled guilty on January 10, 2011 to possession of heroin in exchange for the dismissal of other charges and a sentence no greater than two years, eight months in this case combined with Case No. SCD 228286. [Doc. No. 14-1, at pp. 2, 4-8.] In a hearing held on July 22, 2011, petitioner was placed on felony probation in Case Nos. SCD 228286 and SCE 298454 and the sentences were stayed in each case pending successful completion of probation. Case No. 298454 was designated the "principal case." [Doc. No. 14-2, at pp. 5-8.] However, probation was summarily revoked on November 16, 2011, and an Order to Show Cause (OSC) hearing was set for November 18, 2011. The OSC was then continued several times. [Doc. No. 14-21, at p. 1.]

In a hearing held on March 29, 2012, petitioner admitted a violation of his probation in Case No. SCE 298454 and probation was revoked in that case. [Doc. No. 14-3, at p. 6.] During the same hearing, petitioner pled guilty in Case No. SCE 316127 to possession of a controlled substance for purposes of sale and admitted he had a prior drug-related conviction. [Doc. No. 14-3, at pp. 4-5.]

On March 6, 2014, Case No. 240427 was considered ready for trial, but petitioner reached an agreement with the state trial court for the charges in all four pending cases (Case Nos. SCE 316127, SCD 228286, SCD 240472, and SCE 298454). [Doc. No. 14-10, at pp. 5-7.] As placed on the record, petitioner agreed to plead guilty to the charges in

Case No. SCD 240472 in exchange for a maximum sentence of fourteen years and eight months, with "a nine-year lid" in all four cases for the time petitioner would spend in actual custody while earning 50 percent credits. The balance of the term (*i.e.*, about 5.8 or 6.8 years) would be served in mandatory supervision rather than in actual custody. [Doc. No. 14-10, at p. 6-8.] When asked on the record whether this was his understanding of the plea bargain in this case, petitioner responded, "Yes, it is." [Doc. No. 14-10, at p. 7.] The state trial court also advised petitioner that without the plea bargain his maximum sentence would be 18 years and 6 months in custody. [Doc. No. 14-10, at p. 8.] Petitioner then pled guilty to three counts of transportation of controlled substances; five counts of possession of controlled substances for sale; and admitted several enhancement allegations. [Doc. No. 14-10, at pp. 5-22; Doc. No. 14-29, at p. 2.] Petitioner's guilty plea was also counted as probation violations in Case Nos. SCE 298454 and Case No. SCD 228286 and probation was formally revoked in these cases. Case No. SCE 316127 was trailed for sentencing with these other pending cases. [Doc. No. 14-10, at p. 20.]

On May 1, 2014, the state trial court held a sentencing and probation revocation hearing in Case Nos. SCE 316127, SCD 228286, SCD 240472, and SCE 298454. [Doc. No. 14-11, at p. 3.] The People did not participate in the plea agreement, and the District Attorney argued that petitioner should be sentenced to fourteen years and eight months in these cases based on aggravating factors. [Doc. No. 14-11, at pp. 3-4, 20.] The state trial court sentenced petitioner to a total term of thirteen years and eight months. [Doc. No. 14-11, at pp. 13-15.] Nine years of the total term was to be spent in custody and the remainder of 4.8 years was to be spent in mandatory supervision. [Doc. No. 14-11, at p. 15.] With custody credits, the trial court expected petitioner to spend about four years in custody. [Doc. No. 14-11, at pp. 15-19.]

On May 20, 2014, a "resentencing" hearing was held, because it was determined there could be a problem with the sentence as it was imposed on May 1, 2014. [Doc. No. 14-12, at pp. 1-10.] Citing California's Realignment Act, the state trial court explained

3

that petitioner's guilty plea in one of the four cases (Case No. SCD 228286) required him to serve his time in state prison rather than in county jail, and he would accumulate fewer custody credits in state prison. As a result, he would be required to serve more time in custody than the state trial court intended. To maintain the time in custody as previously agreed and imposed (*i.e.*, "around 4 years") the state trial court determined it would be necessary to recall the entire sentence, terminate Case No. 228286, and then re-sentence petitioner in the remaining cases. [Doc. No. 14-12, at pp. 5-11.] Petitioner expressed concern that "local custody is very difficult for that amount of time," because the jails are only built for temporary housing and "they never let you outdoors." [Doc. No. 14-12, at p. 7-8.] It was petitioner's understanding that conditions were better in state prison, and, as a result, he indicated he would prefer to serve the same amount of time in state prison rather than the county jail. The state trial court explained that he would be required to do "much more time . . . in a regular prison setting." [Doc. No. 14-12, at p. 8-9.] Petitioner agreed that he did not want to "do more custody time." [Doc. No. 14-12, at p. 9.] As proposed, the state trial court then recalled the sentence, terminated Case No. 228286, and imposed a total of fourteen years and eight months in the remaining cases, with nine years to be served in custody, less custody credits, and 5.8 years to be served in mandatory supervision. [Doc. No. 14-12, at pp. 11-14.] According to the trial court, "[t]he total time" did not change with this re-sentencing. [Doc. No. 14-12, at p. 12.]

   On July 1, 2014, petitioner filed a habeas petition in the state trial court seeking specific performance of his plea agreement and/or withdrawal of his guilty plea. Petitioner also alleged ineffective assistance of counsel in connection with the plea, claiming that he had to plead guilty to all charges because the trial court refused to allow him to retain counsel of choice. [Doc. No. 14-15, at pp. 1-12.] The state trial court denied the petition in an order filed on September 8, 2014, because petitioner had an appeal pending in the California Court of Appeal. [Doc. No. 14-16, at pp. 1-4.]

   On November 25, 2014, petitioner filed a Notice of Abandonment of Appeal and Request for Dismissal in the California Court of Appeal. [Doc. No. 14-17, at pp. 1-2.]

4

On December 1, 2014, the California Court of Appeal granted petitioner's request for dismissal of the appeal and ordered a remittitur to issue "immediately." [Doc. No. 14-18, at p. 1.] Thereafter, the record shows that petitioner filed five separate petitions in the state court system.

First, on June 3, 2015, petitioner filed a habeas petition in the state trial court raising numerous claims, including challenges to his plea agreement and sentence. Petitioner argued that his plea agreement was void, because his sentence violated California's Realignment Law. According to petitioner, a state prison term was mandatory for his convictions, and he was ineligible to serve his term in the county jail. [Doc. No. 14-19, at p. 8-10.] He also claimed there was insufficient evidence to establish that he committed any public offense and misconduct on the part of the prosecution for altering evidence and pursuing the case despite an alleged lack of evidence. In addition, petitioner alleged a denial of his Sixth Amendment right to his counsel of choice. [Doc. No. 14-19, at pp. 1-19.] This petition was denied in part on July 14, 2015, but the trial court indicated there might be a problem with the sentence under California's Realignment Law. [Doc. No. 14-21, at p. 7.] As a result, the state trial court requested additional briefing from the District Attorney on two sentencing issues raised in the petition: (1) the place of incarceration under California's Realignment Law; and (2) the length of the sentence imposed. [Doc. No. 14-21, at pp. 1-9.] Petitioner filed a supplement to his petition on July 10, 2015, which rehashed arguments made in the initial petition and raised new issues, including an attack on his preliminary hearing and police misconduct. [Doc. No. 14-20, pp. 1-23.] The trial court denied this petition on September 22, 2015, except for petitioner's sentencing arguments that related to California's Realignment Law, because the trial court was awaiting additional briefing by respondent on this issue. [Doc. No. 14-22, at pp. 1-7.]

On January 5, 2016, after considering additional briefing on the sentencing issues, the trial court denied the remainder of the June 3, 2015 petition. Essentially, the trial court acknowledged that the sentence imposed in May 2014 was "unauthorized" under

5

California law "[i]nsofar as it provides for incarceration at the county jail and for a period of 'mandatory supervision.'" [Doc. No. 14-23, at p. 7.] However, the state trial court explained that California law also provides that defendants are "estopped" from complaining about sentences "to which they agreed."[1] [Doc. No. 14-23, at p. 5.] In addition, the state trial court explained that the issue was forfeited, because petitioner did not raise the "unauthorized sentence issue before judgment was entered by the trial court" and because petitioner was "receiving the benefit of his bargain." [Doc. No. 14-23, at p. 5.]

Second, petitioner filed a habeas petition in the California Court of Appeal on April 11, 2016. [Doc. No. 14-24, at p. 1.] Some of the claims in this petition are the same as or similar to those raised in the June 3, 2015 petition, such as a challenges to the sentence under state law, denial of the right to counsel of choice, and alteration or fabrication of evidence. However, this petition also contains new claims, including suppression of exculpatory evidence; ineffective assistance of appellate counsel for misadvising petitioner to abandon his direct appeal in favor of seeking habeas relief; ineffective assistance of trial counsel for failing to object and preserve appealable issues and for having an undisclosed conflict of interest; discovery of new evidence probative to innocence; and police misconduct (racial profiling). [Doc. No. 14-24, at pp. 1-57.]

On April 13, 2016, the California Court of Appeal denied the petition as untimely and also because it "[fail[ed] on the merits." [Doc. No. 14-25, at p. 2.] According to the

---

[1] Citing *People v. Hester*, 22 Cal.4th 290, 294-295 (2000), the trial court stated as follows: "The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. . . . 'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.'" [Doc. No. 14-23, at p. 5 (citations omitted).]

6

California Court of Appeal, the petition was untimely, because it was filed nearly two years after petitioner was sentenced "without any adequate explanation for the delay." [Doc. No. 14-25, at p. 2.] As a general rule, the California Court of Appeal explained that habeas corpus relief is not available where the petitioner could have raised issues in a direct appeal. [Doc. No. 14-25, at p. 2.] In addition, the California Court of Appeal concluded there was no merit to the petition, because petitioner failed to meet his burden of stating sufficient facts justifying relief and failed to meet his burden of submitting evidence to support his claims. The California Court of Appeal also noted that petitioner pled guilty, thereby waiving his right to challenge the evidence against him on the underlying charges or the sentence he stipulated to in exchange for his guilty plea. [Doc. No. 14-25, at p. 2.]

Third, on April 25, 2016, petitioner filed a petition for review in the California Supreme Court challenging the Court of Appeal's denial of his habeas petition. [Doc. No. 14-26, at pp. 1-25.] In the petition for review, petitioner argued that his claims were not procedurally barred for failure to raise them on direct appeal, because several exceptions applied in his case. These claimed exceptions included fundamental constitutional errors (ineffective assistance of counsel for failing to object to the plea bargain; unauthorized sentence; erroneous advice by trial judge; and excessive punishment). He also claims "exceptions to [the] plea bargain bar," because the trial court allegedly imposed an unauthorized sentence. [Doc. No. 14-26, at pp. 1-6.] In addition, the petition for review in the California Supreme Court argues that the Court of Appeal erroneously denied his petition in that court as untimely. On this issue, the petition for review states that the three-month filing delay was reasonable and excusable because he attempted on "six occasions" to raise his sentencing issues in the trial court and all of his filings in the trial court were "reasonably prompt," but they were all erroneously denied, and "these erroneous denials by the superior court excuse any delay in filing the petition in the appellate court." [Doc. No. 14-26, at pp. 4-5.]

///

The April 25, 2016 petition for review also alleges new claims and repeats a number of claims that were raised in the Court of Appeal, including denial of counsel of choice; ineffective assistance of trial and appellate counsel; erroneous inducement to enter a guilty plea; erroneous calculation of custody credits; imposition of an unauthorized sentence under California's Realignment Act; and undisclosed conflict of interest. [Doc. No. 14-26, at pp. 1-8.] On June 20, 2016, petitioner also submitted to the California Supreme Court a document entitled "Points and Authorities for Modification of Sentence" that repeats and/or expands on the claims raised in the April 25, 2016 petition for review. [Doc. No. 14-27, at pp. 1-16.] On June 22, 2016, the California Supreme Court summarily denied the petition for review without comment. [Doc. No. 14-28, at p. 1.]

Fourth, the state trial court received correspondence from petitioner on June 27, 2016 and July 12, 2016. The state trial court construed this correspondence as a single habeas petition. [Doc. No. 14-29, at p. 4.] A copy of this correspondence could not be located in the record. On August 4, 2016, the state trial issued an order denying this habeas petition. [Doc. No. 14-29, at pp. 1-7.] In this order, the state trial court denied petitioner's claim that he should have been sentenced to time in state prison rather than in the county jail under the Realignment Act, because this claim was previously rejected and petitioner did not allege a change in the applicable law or facts. [Doc. No. 14-29, at p. 4.] The state trial court also rejected petitioner's claim that his trial counsel was ineffective for failing to object to "the unauthorized sentence," because petitioner did not submit any corroborating facts or evidence and did not allege how he has been prejudiced by serving his sentence in county jail rather than state prison. [Doc. No. 14-29, at pp. 5-7.]

Fifth, the state trial court received undated correspondence from petitioner on September 21, 2016, challenging the denial of the habeas petition he filed in the state trial court on June 3, 2015. The state trial court construed this correspondence as another habeas petition and issued an order denying it on September 22, 2016. [Doc. No. 14-30, at pp. 1-4.] A copy of this correspondence could not be located in the record. The state

8

trial court rejected petitioner's challenge to the denial of his June 3, 2015 habeas petition because he did not allege a change in the applicable law or facts. [Doc. No. 14-30, at p. 2.] The correspondence received from petitioner on September 21, 2016 also argued that the trial court failed to appoint counsel after issuing an OSC, but the trial court rejected this claim, stating that petitioner was already represented by counsel at the time in question. [Doc. No. 14-30, at p. 2.]

On February 19, 2017, petitioner mailed his Federal Petition to this Court. [Doc. No. 1, at p. 11.] This Petition was stamped "Filed" on February 24, 2017. [Doc. No. 1, at p. 1.] Under the "mailbox rule," a habeas petition is deemed filed when the prisoner delivers it to prison authorities for forwarding to the clerk of the court, not when the petition is filed by the court. *Curiel v. Miller*, 830 F.3d 864, 867 (9th Cir. 2016). It is undisputed that the mailbox rule applies in this case, and petitioner is entitled to a constructive filing date of February 19, 2017.

The claims included in the Federal Petition are as follows: (1) petitioner's guilty plea was not knowing and intelligent, because he was advised to plead guilty to an illegal sentence which required him to serve a greater term in the county jail than he would have been required to serve in state prison; (2) the trial court violated the plea agreement by re-sentencing him; (3) at the preliminary examination phase, counsel was ineffective because he failed to disclose an "actual" conflict of interest (*i.e.*, he did not tell petitioner that he represented someone who might be a "hostile" witness at petitioner's trial and then did not attack the credibility of this witness during the preliminary examination); (4) at the plea phase, counsel was ineffective because he failed to communicate an early plea offer of four years and failed to object when the trial court induced him to enter the plea with "false statements"; (5) at the sentencing stage, counsel was ineffective because he did not object when the trial court violated the plea agreement by imposing a "wholly illegal sentence" in county jail when state prison was mandatory and would have resulted in a lower term in custody; (6) counsel was ineffective for failing to investigate "exculpatory evidence" when his co-defendant recanted her statement that petitioner

forced her to hold the drugs during a traffic stop; (7) petitioner was deprived of his "absolute" right to counsel of choice when the trial court denied his request to discharge his retained attorney as there was no showing of deficient performance; and (8) appellate counsel was ineffective for refusing to raise his illegal sentence claim and for advising him to abandon his direct appeal in favor of habeas corpus proceedings which resulted in a waiver of claims. [Doc. No. 1-2, at p. 24-35.]

## *Discussion*

### I. *Respondent's Motion to Dismiss for Untimeliness.*

#### A. *The One Year Statute of Limitations and Tolling.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner who seeks to challenge a state court conviction must generally file a Federal habeas petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the record shows that on November 25, 2014, petitioner filed a Notice of Abandonment of Appeal and Request for Dismissal in the California Court of Appeal. [Doc. No. 14-17, at pp. 1-2.] On December 1, 2014, the California Court of Appeal granted petitioner's request for dismissal of the appeal and ordered a remittitur to issue "immediately." [Doc. No. 14-18, at p. 1.] California Rule of Court 8.316(a) states that "[a]n appellant may abandon the appeal at any time by filing an abandonment of the appeal." Cal. R. Ct. 8.316(a). When an appellant files an abandonment of the appeal, "[t]he reviewing court may dismiss the appeal and direct immediate issuance of the remittitur." Cal. R. Ct. 8.316(b)(2). An appeal that is dismissed "on request or stipulation" becomes final when a dismissal is filed. Cal. R. Ct. 8.264(b)(2). Thereafter, "[a] petition for review [in the California Supreme Court] must be served and filed within 10 days after the Court of Appeal decision is final in that court." Cal. R. Ct. 8.500(e)(1). Based on the record, the parties agree that petitioner's judgment of conviction became

final on December 11, 2014, ten days after the California Court of Appeal filed the dismissal that petitioner requested. [Doc. No. 13-1, at p. 13; Doc. No. 16, at p. 3.]

Under AEDPA, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). The petitioner bears the burden of establishing that tolling applies to the limitations period. *Rudin v. Myles*, 781 F.3d 1043, 1053 (9th Cir. 2015). The general rule for a California state prisoner is that "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending," includes any gaps between: (1) a lower court's adverse determination; and (2) the prisoner's filing of a new habeas petition or petition for appellate review in a higher court, as long as the new habeas petition or petition for review is filed within a "reasonable time."[2] *Evans v. Chavis*, 546 U.S. 189, 191-193 (2006).

Here, respondent contends that the Petition in this case should be dismissed as untimely under Section 2244(d)(2). According to respondent, the one-year limitations period was running (*i.e.*, was not tolled) for more than one year between the time petitioner's state court convictions became final on December 11, 2014 and the date petitioner constructively filed his Federal Petition more than two years later on

---

[2] The term "collateral review" in Section 2244(d)(2) "means a form of review that is not part of the direct appeal process." *Wall v. Kholi*, 562 U.S. 545, 552 (2011). "Collateral review" also involves "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 553. In *Wall v. Kholi*, the Supreme Court concluded that the petitioner's motion to reduce his sentence, which was filed pursuant to a state statute that was separate from the direct review process, qualified as "collateral review" and therefore tolled the one-year limitations period in Section 2244(d)(2). *Id.* at 550, 554-561. In a footnote, the Supreme Court distinguished a motion seeking reduction of a sentence from other motions which would not toll the statute of limitations because they "are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." *Id.* at 556 n.4. For example, a motion for post-conviction discovery or a motion for appointment of counsel would not toll the statute of limitations. *Id.*

February 19, 2017. In other words, respondent contends that the one-year limitations period expired before the Federal Petition was constructively filed on February 19, 2017.

### B. *Time Periods At Issue.*

#### 1. *Petitioner's July 1, 2014 Habeas Petition.*

Although the papers petitioner filed to oppose respondent's Motion to Dismiss seem to suggest that petitioner believes the habeas petition he filed in the trial court on July 1, 2014 should be considered on the issues of tolling and timeliness, petitioner is mistaken. The July 1, 2014 habeas petition is not relevant to the timeliness of the Federal Petition under Sections 2244(d)(1) and 2244(d)(2), because this petition was filed before petitioner's state court conviction became final on December 11, 2014. The one-year limitations period does not begin to run until the underlying judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

#### 2. *Petitioner's Alleged "Vacate Motions."*

In the papers he filed to oppose respondent's Motion to Dismiss, petitioner argues that his Federal Petition is timely, because he is entitled to tolling of the one-year limitations period while "vacate motions" he allegedly filed on March 15, 2015 and April 10, 2015 were pending until he filed his first habeas petition in the trial court on June 3, 2015. [Doc. No. 16, at pp. 3-4; Doc. No. 21, at p. 3.] However, petitioner has not met his burden to show he is entitled to tolling while these "vacate motions" were allegedly pending as they could not be located in the attachments to the Federal Petition or the state court record. [Doc. No. 14, Lodgment Nos. 1 through 20.] The exhibits attached to the Federal Petition do include a trial court minute order dated April 23, 2015 summarily denying two motions to vacate the judgment and set aside the sentence, but they do not refer to the dates the motions were filed. [Doc. No. 1-2, at p. 135.]

Even if these "vacate motions" were submitted to the trial court as alleged on March 15, 2015 and April 10, 2015, and the April 23, 2015 minute order denies these particular motions, the one-year limitations period would only be eligible for tolling during the brief period of **38 days** from March 15, 2015 to April 23, 2015, while these

overlapping motions were allegedly pending in the trial court. This brief period of **38 days** would not be sufficient to alter the outcome of respondent's Motion to Dismiss. In addition, as outlined more fully below, there is nothing to indicate tolling would apply from the denial date of April 23, 2015 until petitioner filed his next petition in the trial court on June 3, 2015. Since the "vacate motions" and the June 3, 2015 petition were all filed in the same court, the June 3, 2015 petitioner would be considered "a new round of collateral review," and a petitioner is generally not entitled to statutory tolling between rounds of state habeas petitions that were filed in the same court. *See, e.g, Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Accordingly, these alleged "vacate motions" have not been considered on the issue of statutory tolling. Rather, this Court's analysis of tolling under Section 2244(d)(2) starts with the habeas petition filed in the trial court on June 3, 2015 after the judgment became final on December 11, 2014. [Doc. No. 14-19, at p. 1.]

### 3. *December 11, 2014 to January 5, 2016.*

"The statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed.' [Citation omitted.]" *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006). This time is not tolled, because no application for "other collateral review" is "pending." *See* 28 U.S.C. § 2244(d)(2). Here, after the judgment of conviction became final in petitioner's direct appeal on December 11, 2014, the limitations period began to run the next day, December 12, 2015. The limitations period ran for a total of ***173 days*** until petitioner filed a habeas petition in the state trial court on June 3, 2015. [Doc. No. 14-19, at p. 1.]

The June 3, 2015 habeas petition filed in the state court [Doc. No. 14-19, at pp. 1-19] was denied in its entirety on January 5, 2016. [Doc. No. 14-23, at pp. 1-7.] Thus, the one-year limitations period was tolled under Section 2244(d)(2) from June 3, 2015 through January 5, 2016.

///

///

####        4.    *January 5, 2016 to April 13, 2016*.

After the state trial court denied the June 3, 2015 petition on January 5, 2016, a period of 96 days elapsed until the next petition was filed in the California Court of Appeal on April 11, 2016. [Doc. No. 14-24, at p. 1.] As noted above, the April 11, 2016 petition was denied by the California Court of Appeal on April 13, 2016 for lack of merit and untimeliness. [Doc. No. 14-25, at p. 2.] The Court of Appeal concluded the petition was untimely, because it was "filed nearly two years after [petitioner] was sentenced without any adequate explanation for the delay." [Doc. No. 14-25, at p. 2.]

In the papers he filed to oppose respondent's Motion to Dismiss, petitioner argues that he is entitled to tolling under Section 2244(d)(2), because the Court of Appeal's timeliness ruling is erroneous. According to petitioner, the Court of Appeal's timeliness ruling is erroneous, because he was diligent and did not wait two years before seeking relief. In support of his diligence argument, petitioner refers the Court to the habeas petition he filed in the trial court on July 1, 2014, which was denied because his appeal was pending [Doc. No. 14-15, at pp. 1-12; Doc. No. 14-16, at pp. 1-4], and to the motions to vacate his sentence that he allegedly filed in the trial court in March and April of 2015. [Doc. No. 16, at pp. 5-6; Doc. No. 21, at p. 3.]

Contrary to petitioner's argument, the focus of this Court's inquiry under Section 2244(d)(2) is not on the Court of Appeal's conclusion that the April 11, 2016 petition was untimely because petitioner waited two years to file this petition after he was sentenced. Rather, for the reasons outlined below, the focus of this Court's inquiry is on the reasonableness of the 96 days that elapsed after the trial court denied the June 3, 2015 petition on January 5, 2016 until the next petition was filed in the California Court of Appeal on April 11, 2016.

In *Carey v. Saffold*, 536 U.S. 214 (2002), the Supreme Court held that the term "pending" in Section 2244(d)(2) includes the time between a lower state court's decision and the filing of a petition in a higher state court as long as long as the petitioner seeks "timely" review in accordance with state law. *Id.* at 219-221, 225-226. "[A]n application

is pending as long as the ordinary state collateral review process is 'in continuance,' *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures. . . ." *Id.* at 220. Unlike other states, California law does not provide definite "process time limits, such as 30 or 45 days within which an appeal must be taken." *Id.* at 222. Instead, "California applies a general 'reasonableness' standard." *Id.*

"The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application (*i.e.*, a filing in a higher court) comes too late." *Id.* at 223. If the California Supreme Court clearly rules that a filing delay is "unreasonable," the Ninth Circuit in *Carey v. Saffold* stated, "that would be the end of the matter, regardless of whether [the California Supreme Court] also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Id.* at 226.

In a more recent case, *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court provided further guidance as to when a review application is filed within a "reasonable time" under California's collateral review system. *Id.* at 191 *et seq.* First, the Supreme Court in *Evans v. Chavis* clarified that the summary denial of a petition "on the merits" or without comment does not automatically mean the petition was timely. *Id.* at 197-198. The Supreme Court in *Evans v. Chavis* also stated as follows:

> In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, ***the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness***. That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a "reasonable time.

*Id.* at 198 (emphasis added).

15

Based on the Supreme Court's decisions in *Evans v. Chavis* and *Carey v. Saffold*, the Ninth Circuit has indicated that "a thirty-to-sixty-day benchmark" should be applied to determine whether the filing of a new petition in a higher court after a lower court's adverse decision meets California's reasonableness requirement. *Stewart v. Cate*, 757 F.3d 929 (9th Cir. 2014). However, the Ninth Circuit has also indicated that a delay longer than thirty to sixty days may be allowed "if the petitioner could establish good cause for the delay." *Id.* at 936.

In *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010), for example, the Ninth Circuit concluded that the petitioner was not entitled to tolling for unexplained delays of 115 days and 101 days, which were unreasonable because they were "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions." *Id.* at 1048. Even more significantly, the Ninth Circuit in *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011), held that unexplained delays of 91 days and 81 days were unreasonable and, as a result, the petitioner was not entitled to tolling. *Id.* at 968.

Here, petitioner does not address the 96-day gap between the state trial court's January 5, 2016 denial and the filing of his next petition in the California Court of Appeal on April 11, 2016. [Doc. No. 14-24, at p. 7.] Based on the controlling precedents cited above, this unexplained 96-day gap is unreasonable. Accordingly, AEDPA's one-year limitations period was not tolled under Section 2244(d)(2) and ran for a total of **96 days** beginning January 6, 2016, after the state trial court denied the June 3, 2015 petition, until petitioner filed his next habeas petition in the California Court of Appeal on April 11, 2016.

### 5. *April 12, 2016 to June 22, 2016.*

After the Court of Appeal denied his petition on April 11, 2016, petitioner promptly filed a petition for review in the California Supreme Court on April 26, 2016. [Doc. No. 14-26, at pp. 1-25.] The California Supreme Court summarily denied this petition without comment on June 22, 2016. [Doc. No. 14-28, at p. 1.] Since the gap of time between filings was only a few days, which qualifies as "reasonable" under

16

controlling precedents, petitioner is entitled to tolling of AEDPA's one-year limitations period from April 12, 2016 until June 22, 2016.

6. *June 22, 2016 to August 4, 2016 (Second Round).*

Once a state habeas petitioner completes a full round of collateral review, he ceases "to have an application for post-conviction review pending." *Biggs v. Duncan*, 339 F.3d at 1048. A "full round" is complete "when the California Supreme Court's denial of a review [becomes] final." *Id.* The California Supreme Court's denial of a petition for review becomes final 30 days later. *Id.* at 1047. The petitioner "is not entitled to tolling of the . . . period before he began a second round of petitions with his filing" of a new round of collateral review. *Id.*

Here, the California Supreme Court's June 22, 2016 denial became final 30 days later, on or about July 23, 2016. Before this decision became final, petitioner commenced a second round of collateral review in the trial court with correspondence dated June 27, 2016 that the trial court construed as a habeas petition. [Doc. No. 14-29, at p. 4.] Since petitioner filed the June 27, 2016 habeas petition before the California Supreme Court's decision was final, there was no filing delay to commence the running of the one-year limitations period. The trial court denied this new habeas petition on August 4, 2016. Based on the foregoing, petitioner is entitled to tolling of AEDPA's one-year limitations period from June 27, 2016 until August 4, 2016.

7. *August 4, 2016 to September 21, 2016 (Third Round).*

After the trial court denied his June 27, 2016 habeas petition on August 4, 2016, petitioner sent additional correspondence to the trial court on September 21, 2016. The trial court also construed this correspondence as a habeas petition and denied it on September 22, 2016. Since this petition was filed in the trial court rather than in a "higher court" (*i.e.*, the California Court of Appeal or the California Supreme Court), it is considered to be "a new round of collateral review," and a petitioner is not entitled to

statutory tolling between rounds of state habeas petitions.[3] *Biggs v. Duncan*, 339 F.3d at 1048 n.1. Thus, petitioner is not entitled to tolling of AEDPA's one-year limitations period for the **47 days** between rounds from August 4, 2016 through September 21, 2016.

### 8. *September 22, 2016 to February 19, 2017*.

After the state trial court denied his final state habeas petition on September 22, 2016, petitioner constructively filed his Federal Petition in this case 149 days later on February 19, 2017. Since no application for collateral review was "pending" during this time period, petitioner is not entitled to tolling under Section 2244(d)(2) for the **149 days** until his Federal Petition was constructively filed.

### C. *Equitable Tolling*.

"[A] prisoner who files his federal petition for writ of habeas corpus after AEDPA's one-year statute of limitations has expired may be entitled to equitable tolling." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017). However, equitable tolling of AEDPA's one-year limitations period applies "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling may be appropriate where

---

[3] "When a petitioner files a second state habeas petition in the same court, rather than in a higher level of the California court system, statutory tolling is not appropriate for the period between two state habeas petitions, unless the second petition is limited to an elaboration of the facts relating to the claims in the first petition." *Hernandez v. Spearman*, 764 F.3d 1071, 1076 (9th Cir. 2014), citing *Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir.2012) (internal quotations omitted). "Where that prerequisite is met, courts must then determine whether the petition was timely." *Id.* citing *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir.2010). The September 21, 2016 petition submitted to the trial court challenges the trial court's prior denial of the June 3, 2015 petition. [Doc. No. 14-30, at pp. 1-4.] In explaining its denial of the September 21, 2016 petition, the trial court stated that petitioner did not allege a change in the applicable law or facts, so this petition does not qualify for the "elaboration of facts" exception. *Hernandez v. Spearman*, 764 F.3d at 1076. Nor could it be considered timely, having been filed more than a year after the June 3, 2015 petition.

"external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Id.*

Here, petitioner has not presented any facts indicating he could be entitled to equitable tolling. Petitioner merely argues that his Petition is timely without providing any explanation for the delays in his filings. Therefore, it is this Court's view that petitioner is not entitled to equitable tolling that would render the filing of his Federal Petition timely. It is therefore RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss because the Petition was not timely filed and is therefore barred by the statute of limitations in Section 2244(d)(1).

Based on the foregoing, the record as presented indicates that the one-year limitations period ran for about ***465 days*** from the time the judgment became final on December 11, 2014 until the Federal Petition was constructively filed on February 19, 2017. Thus, the one-year limitations period had long expired by the time the Federal Petition was filed. Accordingly, it is RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss on timeliness grounds.

## II. *Petitioner's Request to Amend to the Petition.*

Petitioner concedes that his Petition includes unexhausted claims, some of which may or may not be procedurally barred, but he argues that the Court should deny respondent's Motion to Dismiss and grant him an opportunity to amend his Petition to delete his unexhausted claims so they can be considered on the merits. [Doc. No. 16, at pp. 10-11.] However, amendment is not warranted when it would be futile. *See, e.g., Bonin v. Calderon*, 59 F. 3d 815, 845 (9th Cir. 1995).

Here, it would be futile for the Court to grant petitioner an opportunity to amend his Petition to only include his exhausted claims. An amended Petition that only includes petitioner's exhausted claims would be subject to dismissal, because, for the reasons outlined above, AEDPA's one-year limitations period expired before the Federal Petition was filed.

///

## *Conclusion*

Based on the foregoing, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss [Doc. No. 13], because the Petition is time-barred under Title 28, United States Code, Sections 2244(d)(1) and 2244(d)(2) and there are no facts to support equitable tolling of the one-year limitations period. Although petitioner has requested that the Court deny respondent's Motion to Dismiss and allow him to amend his Petition to only include claims he exhausted in the state court system, it is further RECOMMENDED that the District Court DENY this request. Such an amendment would be futile, because an amended Petition including only exhausted claims would still be time-barred under Section 2244(d)(1).

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED that no later than **March 14, 2018** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation.

IT IS FURTHER ORDERED that any reply to the objection shall be filed and served no later than **March 21, 2018**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 21, 2018

Hon. Karen S. Crawford
United States Magistrate Judge