UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOZARO MAINEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>WILLIAM GORE,<br><br>　　　　　　　　　　Respondent. | Case No.: 17-CV-397-JLS (KSC)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF Nos. 13, 22) |

　　　　Petitioner John Lazaro Mainez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ("Petition," ECF No. 1). Respondent William Gore filed a Motion to Dismiss the Petition, ("MTD," ECF No. 13), and Petitioner filed a Traverse, ("Traverse," ECF No. 16). Petitioner also filed an Opposition to the Motion to Dismiss, ("Opp'n," ECF No. 21). Magistrate Judge Karen Crawford has filed a Report and Recommendation in which she recommends the Court grant Respondent's Motion to Dismiss, ("R&R," ECF

No. 22).¹ Petitioner filed Objections to the R&R, ("Obj.," ECF No. 24).² Respondent did not file a Reply.

## BACKGROUND

Judge Crawford's R&R contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Petitioner's Petition and Respondent's Motion. (R&R 2–6.)³ This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the

---

¹ Petitioner filed a supplemental petition, which was received by the Clerk's Office on February 8, 2018. The document was filed electronically by Judge Crawford on March 20, 2018. (*See* "Supp. Petition," ECF No. 28.) Although the document is titled "supplementary," it is quite lengthy and comprehensive and it appears that it could replace the first petition rather than supplement it. Nonetheless, to give Petitioner the benefit of the doubt, the Court will deem the second petition a supplement to the original petition, thus preserving the claims contained in the original petition as well as those presented in the later-filed petition. The Court will review the supplemental petition in conjunction with the original petition.

The issues in the two petitions are similar for the most part. Because the Court agrees with Judge Crawford's ultimate conclusion that the petition is untimely, the merits of the petitions become moot. Judge Crawford did not address the supplemental petition in the R&R. This Court will address any claims in the supplemental petition that relate to the timeliness issue to the extent those claims were not addressed by Judge Crawford in the R&R.

² Petitioner also filed supplemental objections, (ECF No. 26), which appear to be a prior draft of his first objections document, (ECF No. 25), because the supplemental document contains mostly illegible handwritten edits that are corrected in the first objections document. The supplemental document also attaches "exhibits" which are sometimes referred to throughout the objections. Any exhibit already in the court record has been considered by Judge Crawford and this Court in analyzing the Petition. Any new exhibit will be addressed herein if relevant.

³ Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

**I.     Relevant Timeline**

The only issue presented in Judge Crawford R&R's is the timeliness of the Petition. Judge Crawford engaged in a lengthy analysis regarding the timing of each step of Petitioner's past filings. Petitioner's case stems from four different cases in San Diego Superior Court. (R&R 2.) Petitioner pled guilty to various charges and was sentenced. Subsequently, as relevant here:

- On May 20, 2014, Petitioner was resentenced;
- On July 1, 2014, Petitioner filed his first habeas petition in state trial court;
- On September 8, 2014, the state trial court denied the petition because Petitioner had an appeal pending in the California Court of Appeal;
- On November 25, 2014, Petitioner filed a Notice of Abandonment of Appeal and Request for Dismissal in the California Court of Appeal;
- On December 1, 2014, the California Court of Appeal granted Petitioner's request for dismissal of appeal. The court ordered a remittitur to issue immediately;
- On June 3, 2015, Petitioner filed a second habeas petition in state trial court;
- On July 14, 2015, the trial court denied part of the petition, and requested additional briefing on two issues;
- On January 5, 2016, the trial court denied the remainder of the June 3, 2015 petition;
- On April 11, 2016, Petitioner filed a habeas petition in the California Court of Appeal;
- On April 13, 2016, the California Court of Appeal denied the petition as untimely and on the merits;
- On April 25, 2016, Petitioner filed a petition for review in the California Supreme Court;

- On June 22, 2016, the California Supreme Court summarily denied the petition for review without comment;
- On June 27, 2016 and July 12, 2016, the state trial court received correspondence from Petitioner, and construed the correspondence as a single habeas petition;
- On August 4, 2016, the state trial court denied the habeas petition, noting Petitioner's claim was previously rejected and Petitioner did not allege a change in the law or facts. The court also rejected Petitioner's ineffective assistance of counsel claim;
- On September 21, 2016, the state trial court received correspondence from Petitioner challenging the denial of his June 3, 2015 habeas petition;
- On September 22, 2016, the state court construed this correspondence as another habeas petition and denied it again because Petitioner did not allege a change in the law or facts. The court also again rejected Petitioner's ineffective assistance of counsel claim;
- On February 19, 2017, Petitioner mailed his federal Petition to this Court.

Judge Crawford found that Petitioner failed to timely file his Petition under the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (R&R 20.) Under AEDPA, a one-year statute of limitation applies to an application for a writ of habeas corpus, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).[4] Clearly, the process outlined above has taken more than one year. The Parties agree that Petitioner's judgment of conviction became final on December 11, 2014 (ten days after the California Court of Appeal filed the dismissal that Petitioner requested), (R&R 9–10), and Petitioner filed his federal petition

---

[4] The limitation period may run from a date later than the date on which judgment becomes final in some instances. *See infra* Section IV.

on February 19, 2017. The issue is therefore whether there is sufficient tolling of the statute of limitations for the Petition to be timely.

## II. Statutory Tolling

AEDPA's one-year statute of limitations period is statutorily tolled during the time that "a properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Court analyzes each time period at issue to determine whether the limitations period was tolled.

### A. *December 12, 2014 to June 3, 2015: Untolled*

Judge Crawford's tolling analysis began after the judgment became final on December 11, 2014. (R&R 13.) Judge Crawford found the statute of limitations began on December 12, 2014 and ran untolled for a period of **173 days** until Petitioner filed his habeas petition on June 3, 2015. (*Id.*)

Judge Crawford addressed Petitioner's "vacate motions" he alleges to have been filed in this period, on March 15, 2015 and April 10, 2015, which he argues toll the statute of limitations. (R&R 12 (citing Traverse 4–6; Opp'n 3).) Petitioner argues these motions "attacked the pertinent judgment." (Traverse 4.)

These motions could not be located in the attachments to the Petition or the state court record. (R&R 12.) Judge Crawford notes that a trial court minute order dated April 23, 2015 summarily denied two motions to vacate the judgment, but the minute order does not refer to the dates the motions were filed. (R&R 12 (citing ECF No. 1-2, at 135).) Judge Crawford found Petitioner had not met his burden to show that he was entitled to tolling while these alleged motions were pending. (*Id.*) Judge Crawford found that even if Petitioner had attached the motions to his federal petition and they tolled the statute of limitations, they would only toll the limitations period for thirty-eight days, which is insufficient to allow his federal Petition to be timely. (*Id.*) Petitioner objects to this finding.

Petitioner argues his vacate motions toll the statute of limitations from February 2015 (the date he now states he filed the first motion) to June 3, 2015. (Obj. 2.) Petitioner originally alleged he filed vacate motions in March and April of 2015, (ECF No. 16, at 5–

5

6; ECF No. 21, at 3), and he now argues he filed them in February and April of 2015. He also now alleges one vacate motion was denied on April 3, 2015 and the second was denied on April 23, 2015. (Obj. 2.)

First, the Court declines to consider Petitioner's argument that the first vacate motion was filed in February 2015 (he does not include an exact date). Petitioner previously alleged the vacate motions were filed on March 15, 2015 and April 10, 2015. (Traverse 4–6.) Petitioner now claims the date is February 2015, without explanation for this change. This Court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002). The Court declines to consider Petitioner's claim here, finding it suspect and without evidence to support it. The Court, like Judge Crawford, relies on Petitioner's assertion from his Traverse that he filed the vacate motions in March and April 2015.[5] The Court agrees with Judge Crawford that even if these motions could be verified,[6] and would toll the statute of limitations for thirty-eight days (from March 15, 2015 to April 23, 2015), this does not affect the ultimate conclusion that the Petition is untimely. (R&R 13.)

Petitioner further argues that the motions' "pending status" did not end on April 23, 2016 because they were still appealable, thus, the entire period until June 3, 2016 should be tolled. (Obj. 4.) This is unsupported by law. Petitioner did not appeal the order denying his vacate motions, so the motions were not "pending" for sixty days afterwards simply because he alleges he could have appealed them. The term "pending" in section 2244(d)(2)

---

[5] Petitioner also now claims that the vacate motions were denied on different days, April 3, 2015, and April 23, 2015. This, although not relevant to the tolling issue, is not supported by the record. The trial court summarily denied two motions to vacate on April 23, 2015. (ECF No. 1-2, at 135.)

[6] Without the motions in the record, it is unclear whether they are "properly filed application[s] for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending" pursuant to § 2244(d)(2). For example, "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations omitted). The Court is unable to verify any details regarding the motions.

includes the time between a lower state court's decision and the filing of a petition in a <u>higher</u> state court as long as long as the petitioner seeks "timely" review in accordance with state law. *See Carey v. Saffold*, 536 U.S. 214, 219–21, 225–26 (2002). The "vacate motions" were denied by the state trial court in April 2015 and on June 3, 2015, Petitioner filed a habeas petition in state trial court. This is not a "higher court" and therefore the statute of limitations would not be tolled for this period.

The Court therefore **OVERRULES** Petitioner's objection and **ADOPTS** the R&R as to this time frame. The statute of limitations ran untolled for 173 days from December 12, 2014 to June 3, 2015.

### B.   *June 3, 2015 to January 5, 2016: Tolled*

The limitations period was then tolled from June 3, 2015 to January 5, 2016 (the day the state trial court denied the June 3 petition).

### C.   *January 6, 2016 to April 11, 2016: Untolled*

Judge Crawford found the statute of limitations began again on January 6, 2016 and ran for **96 days** until Petitioner filed a petition in the California Court of Appeal on April 11, 2016. (R&R 14.) Judge Crawford found this 96-day gap is unreasonable in length and therefore the statute of limitations was not tolled for this period. (*Id.* at 16.)

As mentioned above, the statute of limitations is tolled while an application is "pending" which means the time between a lower state court's decision and the filing of a petition in a higher state court as long as long <u>as the petitioner seeks "timely" review in accordance with state law</u>. *Carey*, 536 U.S. at 219–21; 225–26; *see Evans v. Chavis*, 546 U.S. 189, 193 (2006) ("As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court."). Under California law, a "timely" review is one that is sought in a "reasonable" time. *Evans*, 546 U.S. at 193. As Judge Crawford noted, "the Ninth Circuit has indicated that 'a thirty-to-sixty-day benchmark' should be applied to determine whether the filing of a new petition in a higher court after a lower court's

adverse decision meets California's reasonableness requirement." (R&R 16 (quoting *Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir. 2014).) A delay longer than this may be deemed reasonable if the petitioner establishes good cause. *Stewart*, 757 F.3d at 936. Judge Crawford noted Petitioner did not address the 96-day gap and therefore has not established it was a reasonable delay; thus, the statute of limitations was not tolled during this time. (R&R 16.)

Petitioner objects and argues the statute of limitations should be tolled during this period. (Obj. 6.) Petitioner cites *Osumi v. Giurbino*, 445 F. Supp. 2d 1152 (C.D. Cal. 2006), where the court determined a 96 or 98-day gap between the Court of Appeal's decision and the petitioner's filing in the California Supreme Court was not unreasonable. *Id.* at 1159. The court reasoned the delay was not unreasonable "given the lengthy briefs petitioner filed in the California appellate courts and petitioner's substantial rewriting of his habeas corpus petition following the denial of that petition by the [trial court]." *Id.* Petitioner here argues the delay in his case was reasonable because he "had to research complex issues under severe restrictions imposed by prison officials." (Obj. 7.) He includes a list of subjects he was required to research and notes the limits on research imposed by the prison library. (*Id.* at 7–8.)

The Court finds that Petitioner has not demonstrated good cause to show the 96-day gap was "reasonable" under California law. Petitioner's June 3, 2015 Petition, (ECF No. 14-19), and the "supplement" he filed to that Petition on July 10, 2015, (ECF No. 14-20), are lengthy and extensive. Petitioner does not demonstrate that he needed 96 days to file his next Petition, (ECF No. 14-24), when he already had conducted the research for these two writings and the issues overlapped with those in the later petition.[7] This case is therefore distinguishable from *Osumi* where the subsequent petition involved "substantial

---

[7] Further, Petitioner argues the gap is explainable because he had to research "a number of legal issues" and obtain case law, wherein he lists approximately 15 cases that he had to research. However, these cases are not ever referred to in Petitioner's April 11, 2016 petition, (ECF No. 14-24), so Petitioner's reasoning here is unclear.

rewriting." The Court's holding is consistent with the majority of courts that have analyzed this issue in similar cases. *See e.g., Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (holding that the petitioner was not entitled to "gap tolling" for unjustified delays of ninety-one and eighty days), *cert. denied,* 132 S.Ct. 554 (2011); *Culver v. Dir. of Corrs.*, 450 F. Supp. 2d 1135, 1140–41 (C.D. Cal. 2006) (holding that unjustified intervals of ninety-seven days and seventy-one days between the denial of one state petition and the filing of the next state petition constituted unreasonable delays which precluded tolling).

Further, the need for research and the limited library time and resources while incarcerated does not demonstrate good cause for the unreasonable delay. *See Griffin v. Perry*, No. 2:15-cv-1776-MCE-CMK-P, 2016 WL 4899205, at *3 (E.D. Cal. Sept. 15, 2016) (noting that "access to the prison law library is a burden every prisoner faces. It is not an unusual event, and it the type of hurdle that would have been known and contemplated when establishing the statute of limitations in [A]EDPA" and this did not demonstrate good cause for an 84-day delay). Thus, the Court **OVERRULES** Petitioner's objection and **ADOPTS** the R&R as to this time period.

### D. *April 12, 2016 to June 22, 2016: Tolled*

The Court of Appeal denied the petition on April 13, 2016.[8] Petitioner promptly filed a petition for review in the California Supreme Court. Given that Petitioner filed his Petition without unreasonable delay, the limitations period is tolled during this time. The California Supreme Court denied the petition without comment on June 22, 2016. The statute of limitations was tolled during this time period.

### E. *June 22, 2016 to August 4, 2016 (Second Round): Tolled*

The California Supreme Court's decision became final thirty days later, on July 23, 2016. But, before the decision became final, Petitioner began a second round of collateral

---

[8] The Court of Appeal included an analysis as to the untimeliness of the petition, noting it was "filed nearly two years after [petitioner] was sentenced without any adequate explanation for the delay." (R&R 14 (citing ECF No. 14-25, at 2).) This time is not relevant to the 96-day gap at issue, so the Court does not address Petitioner's objection to this finding.

review, starting with his correspondence dated June 27, 2016 which he sent to the trial court. This was denied on August 4, 2016. Because his petition was pending at this time, the period between June 27, 2016 and August 4, 2016 is tolled. (R&R 17.)

### F. *August 4, 2016 to September 21, 2016 (Third Round): Untolled*

Petitioner then began a third round of collateral review by sending additional correspondence to the trial court on September 21, 2016. This is deemed a third round of review because the correspondence was sent to the trial court, not an appellate/higher court. (R&R 17.) Petitioner is not entitled to tolling between rounds of state habeas petitions. (*Id.* at 17–18 (citing *Briggs v. Duncan*, 339 F.3d 1045, 1048 n.1 (9th Cir. 2003)).) The limitations period therefore ran for **47 days** between August 4, 2016 and September 21, 2016. Petitioner does not object to this portion of the R&R and the Court agrees with Judge Crawford. The Court **ADOPTS** the R&R as to this time period.

### G. *September 22, 2016 to February 19, 2017: Untolled*

The state trial court denied the final state habeas petition on September 22, 2016, and Petitioner did not file his federal petition until February 19, 2017. The limitations period ran for this time period: **149 days**. Petitioner does not object to this portion of the R&R and the Court agrees with Judge Crawford. The Court **ADOPTS** the R&R as to this time period.

In sum, the limitations period ran for **465 days**. (R&R 19.) The Court now considers equitable tolling.

## III. Equitable Tolling

Judge Crawford concluded Petitioner was not entitled to equitable tolling. Equitable tolling of the one-year limitations period applies "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." (R&R 18 (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations omitted)).) Petitioner bears the burden of alleging facts that would give rise to tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Judge Crawford determined Petitioner

had not explained the delays in his filing in his Petition, thus, he did not demonstrate extraordinary circumstances. (R&R 19.)

In his supplemental petition, Petitioner appears to argue *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applies to his case as it relates to his ineffective assistance of counsel claim. (Supp. Petition 19.) The Court construes this as an argument for equitable tolling due to Petitioner's alleged ineffective assistance of counsel. In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. But, *Martinez* applies only to excusing procedural default and/or lack of exhaustion in state court and does not apply to the AEDPA statute of limitations which govern the filing in federal court. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (holding "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period"); *McKinnie v. Long*, No. EDCV 12-2101-CBF (RNB), 2013 WL 1890618, at *8 (C.D. Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time barred under the AEDPA statute of limitations.") Accordingly, *Martinez* does not present a basis for equitable tolling.

In his Objections, Petitioner argues he is entitled to equitable tolling from January 6 to April 10, 2016. (Obj. 2.) As mentioned above, this was the 96-day period between the state trial court's denial of Petitioner's June 3, 2015 petition and his filing in the California Court of Appeal. Also as mentioned above, Petitioner argues the delay was reasonable due to his limited law library time and legal resources. (*Id.* at 8–9.) Limited access to the law library does not entitle a petitioner to equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Given even the most common day-to-day security restrictions in

prison, concluding otherwise would permit the exception to swallow the rule."). Petitioner has not demonstrated "extraordinary circumstances" sufficient for equitable tolling. The Court **ADOPTS** the R&R as to this claim.

### IV. Petitioner's Actual Innocence Claim

Petitioner argues a procedural default is overcome if he can show evidence of actual innocence through "newly discovered evidence." (Supp. Petition 54; Obj. 10.) The Court considers the allegations in analyzing the statute of limitations. As noted above, the limitations period begins on the date on which judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). "It is only in rare instances that, pursuant to § 2244(d)(1) (B)–(D), the limitation period may run from a date later than the date on which judgment becomes final." *Hernandez v. Small*, No. CV 08-8639-AG (VBK), 2011 WL 4550342, at *3 (C.D. Cal. Aug. 11, 2011). For example, "[i]f the petition alleges newly discovered evidence, . . . the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *McQuiggin v. Perkins*, 569 U.S. 383, 388–89 (2013) (quoting § 2244(d)(1)(D)).

Petitioner presents an exhibit which he deems "newly discovered"—a declaration by his co-defendant Estrada which he refers to as "Exhibit 23." (Supp. Petition 54.) Petitioner states Estrada said "in a recorded phone call" with her mother that she lied to the police about Petitioner and the allegations against him, and this shows his innocence. (Supp. Petition 54.) He states this declaration has been in his possession since 2013, but, at the time he filed his petitions, he was unable to have the recorded phone call transcribed. No evidence of the declaration is attached as an exhibit to either petition, but, in his objections, Petitioner attaches a document which is a "transcription" by Edward Robson from speakwrite.com dated July 17, 2017. (ECF No. 26, at 27–28.) This document

purports to be a transcription of Ms. Estrada's statement regarding the falsity of her previous allegations made against Petitioner.[9]

First, although Petitioner argues the declaration was only recently transcribed, he states Estrada provided him the declaration on December 27, 2013. (Supp. Petition 54.) Therefore, he was clearly aware of the facts underlying his claim of alleged innocence at this time. Section 2244(d)(1)(D) provides that "the one-year limitations period begins when petitioner knows (or through the exercise of due diligence should know) *the facts* underlying the claim, not when []he garners sufficient evidence to support the claim." *Walker v. Cavazos*, No. CV 11-3109 ODW (FMO), 2011 WL 6951841, at *3 (C.D. Cal. Nov. 30, 2011) (citing cases). Because Petitioner knew of the facts behind this declaration in 2013 (before judgment became final), this evidence does not delay the start of the one-year limitations period.

Further, the Court finds the declaration is not reliable. "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must "show that with the new evidence 'it is more likely than not that no reasonable juror would have convicted him.'" *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (quoting *Schlup*, 513 U.S. at 327).

Petitioner claims Ms. Estrada made the statements in the declaration in a recorded phone call to her mother on December 27, 2013. (Supp. Petition 54.) The declaration is not attested to be made under penalty of perjury by Ms. Estrada nor is it signed by Ms. Estrada. It is only alleged to be "transcribed" by Mr. Robson from speakwrite.com in July 2017, and Mr. Robson declares the transcription is accurate. Thus, the Court finds that the

---

[9] This Court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See Brown,* 279 F.3d at 744–45. The declaration is not part of either petition and is presented for the first time in Petitioner's supplemental objections. The Court exercises its discretion to review the declaration.

evidence presented does not qualify as "newly discovered" nor is sufficient to demonstrate actual innocence. The Court **DENIES** the Petition as to this claim.

## V. Petitioner's Request to Amend

Petitioner admits his Petition contains some unexhausted claims. Petitioner requests leave to amend his Petition to delete his unexhausted claims so that the Court can consider only his exhausted claims. Judge Crawford recommends denying Petitioner leave to amend because even if his Petition contained only exhausted claims, those claims are subject to dismissal as untimely, as detailed above. (R&R 19.) Petitioner does not address this in his objections. The Court agrees with Judge Crawford and **ADOPTS** the R&R and **DENIES** Petitioner leave to amend.

## VI. Certificate of Appealability

In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, if a court denies a petition, a certificate of appealability may only be issued "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner did not make a substantial showing of the denial of a constitutional right, the issues are not debatable among jurists of reason, and a court could not resolve the issues in a different manner. *See Miller-El*, 537 U.S. at 327. The Court therefore **DENIES** a certificate of appealability.

/ / /

/ / /

/ / /

## CONCLUSION

In sum, Petitioner has not filed his federal petition within the time limits required by AEDPA and is not entitled to sufficient statutory tolling or equitable tolling to avoid this. Further, Petitioner has not demonstrated newly discovered evidence of actual innocence to avoid this procedural bar. The Court **ADOPTS** the R&R and **DENIES** the Petition. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge